**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. No. 06-0103T** |
| | : | |
| **SHANNON RATHER** | : | |

**UNITED STATES' OBJECTION TO THE PRESENTENCE REPORT**

## I. Introduction

______The Defendant in this case, Shannon Rather, has plead guilty to one count of bank fraud in violation of 18 U.S.C. §1344 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. Sentencing is scheduled for January 19, 2007. Because the sentencing guideline range as calculated by the Probation Officer does not include a two-level increase in the offense level pursuant to § 2B1.1 (b)(9)(A) for the defendant's relocation of the scheme to another jurisdiction in order to avoid detection by law enforcement, the United States respectfully objects to the Presentence Report (PSR).

## II. Argument

______The facts underlying defendant's offense conduct were exhaustively detailed at the plea hearing and in the Prosecution Version contained in the PSR. Thus, only those facts relevant to the issues raised in the United States' objection are recited below.

Sentencing Guideline § 2B1.1 (b)(9)(A) provides for a two-level increase in the base offense level if "the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials." As detailed in the Prosecution Version, in the instant case, the defendant is a resident of California who, at the

beginning of March of 2005, traveled to Rhode Island specifically to execute a scheme to defraud Bank of America. The defendant has admitted traveling to Rhode Island on March 9, 2005, under the assumed name Lillian Chirip along with other individuals. Upon her arrest, the defendant informed authorities that prior to boarding the flight to Rhode Island, one of her associates provided envelopes to her and others in the group which contained counterfeit checks, California driver's licenses, social security cards, and credit cards which she used to conduct the fraudulent bank transactions to which she has pleaded guilty. In fact, it appears that this March 9th trip was the defendant's second trip to the East Coast – on March 2-4, 2005, the defendant conducted numerous fraudulent transactions at Bank of America branches in Connecticut under the name Meredith Sue Cherabo. Upon arriving in Rhode Island, the defendant rented a car from Hertz-Rent-a-Car in Warwick under the name Lillian Chirip. Thereafter, one of her traveling companions rented a room at the Holiday Inn Express under an assumed name. These facts alone support an increase in the offense level under § 2B1.1 (b)(9)(A).

In addition, although not detailed in the Prosecution Version, a March 11, 2005, search incident to defendant's arrest uncovered a receipt for the Holiday Inn on Jefferson Boulevard in Warwick, Rhode Island with an arrival date of March 9, 2005, and a departure date of March 11, 2005. The receipt further demonstrates that the defendant and the group she was traveling with came to Rhode Island from California to execute the scheme to defraud over the course of three days before returning to California in order to avoid detection by law enforcement authorities.

The Probation Officer's response to the United States' objection to the PSR states that there is no evidence that the scheme which defendant participated in was started in California and then moved to Rhode Island to evade law enforcement. The United States respectfully disagrees with this assessment. Nothing in § 2B1.1 (b)(9)(A) suggests that the scheme which the defendant

participated in relocating needs to have commenced in California. Section 2B1.1(b)(9)(A) only speaks to whether the defendant "relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials." In this case, the defendant participated in a scheme that spanned three different jurisdictions, California, Connecticut, and Rhode Island. She has admitted traveling to Rhode Island under an assumed name and the evidence demonstrates that she intended to remain in Rhode Island only for the short period of time necessary to effectuate the scheme. She and the other participants in the scheme undertook efforts to evade detection in Rhode Island, namely renting a car and a hotel room under assumed names. Further, the defendant has admitted that prior to boarding her flight in California, one of her associates provided envelopes to Rather and others in the group which contained counterfeit checks, California driver's licenses, social security cards, and credit cards which she used to conduct the fraudulent bank transactions. Bank of America's Declaration of Victim Losses states that the customers from whose accounts the defendant made withdrawals were from California. All of this evidence leads to the inescapable conclusion that the **sole** purpose of the defendant traveling to Rhode Island was to evade detection by law enforcement, otherwise, she and her associates could have remained in California to execute the scheme.

In the alternative, and although not specifically raised in the United States' objection to the PSR submitted to the Probation Office, a two-level enhancement under § B1.1(b)(9)(C) applies. Section B1.1(b)(9)(C) provides that an enhancement is warranted if "the offense otherwise involved sophisticated means." Application Note 8 (B) states that "in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means."

Such an enhancement is applicable in the instant case because the evidence shows that the

defendant participated in a scheme which spanned three jurisdictions and because she and her associates used multiple fictitious identities in order to effectuate the scheme.

## III. Conclusion

Based upon the foregoing reasons, the United States respectfully objects to the PSR and requests that the Court find that a two-level enhancement in the offense level is appropriate under § 2B1.1 (b)(9)(A), or alternatively § 2B1.1(b)(9)(C).

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: January 18, 2007

/s/ DULCE DONOVAN
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5058 - telephone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATE OF E-FILING**

I hereby certify that on this 18th day of January, 2007, I caused the United States Objection to the Presentence Report to be filed electronically and it is available for viewing and downloading from the ECF system to:

Edward C. Roy, Esq.
Assistant Federal Defender
10 Weybosset Street
Suite 300
Providence, RI 02903

/s/ DULCE DONOVAN